# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**ISRAEI BRITT-TAYLOR**
**(Next of Kin of CHAUNCEY Q BRITT, Jr., deceased)**

      **Plaintiff,**

v.                                                                                               No: 2:23-cv-02504-SHL-cgc

**WEST TENNESSEE NURSING HOME, and**
As an agent of the State of Tennessee,
**MID SOUTH SUPPORTIVE LIVING, and**
As an agent of the State of Tennessee,
**TENNESSEE DEPARTMENT of HUMAN SERVICES**
**ADULT PROTECTIVE SERVICES**
**GLENDA MASON (Defendant as Lead State Investigator)**

      **Defendants.**

# REPORT AND RECOMMENDATION

Before the Court, by way of Administrative Order 2013-05,[1] is the Complaint (D.E. # 1) in this matter filed on August 14, 2023 by Israei Britt-Taylor as next of kin of Chauncey Q. Britt, Jr., deceased.

Plaintiff's action alleges that her brother, the late Chauncey Q. Britt, Jr., was "in the custody, care or control" of the State of Tennessee at the time of his death on August 13, 2022, purportedly as the result of a beating. (D.E. # 1, ¶¶ 9,11) Plaintiff avers that her brother's death

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

was "as a direct and proximate result of the negligence of the Health Care Facilities employees" and that "there are survivors of the decedent on behalf of whom and action can be brought to compensate them for losses resulting from the decedent's death". (D.E. # 1, ¶¶ 14-16-C)

.

As a threshold question, the Court must determine whether subject-matter jurisdiction exists. Article III of the United States Constitution limits the judicial power of the federal courts to cases or controversies. U.S. Const. art. III, §2. "The doctrine of standing seeks to ensure that a plaintiff has a sufficient stake in the controversy to merit her being the proper party to litigate it." *See, e.g. Ann A. Blanton ex rel. Natalie A. Blanton v. Michael J. Astrue*, No. 1:10-cv-2463, 2011 WL 2637224, at *2 (N.D. Ohio June 20, 2011). "Constitutional standing under Article III has three elements: (1) the plaintiff must have suffered an 'injury in fact'; that was caused by the defendant's alleged conduct; and (3) that likely would be redressed by a favorable decision." *Id*. (citing *White v. United States*, 601 F.3d 545, 551 (6th Cir. 2010)).

Additionally, Congress passed 28 U.S.C. §1654 which allows parties to "plead and conduct their own cases personally" or, in other words, to proceed *pro se* without the assistance of counsel. However, with respect to a plaintiff bringing a cause of action on behalf of an estate, the Sixth Circuit has held that a plaintiff "cannot proceed *pro se* . . . [when] he is not the sole beneficiary of an estate." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). The Sixth Circuit reasoned that, "[a]lthough 28 U.S.C. §1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Id.* Further, the Sixth Circuit has specifically held that even the administrator(s) of an estate "may not proceed *pro se* when the estate has beneficiaries . . . other than the litigant." *Shepherd*, at 970.

2

Under Tennessee law, the right to prosecute an action for wrongful death passes in an order created by statute:

> The right of action that a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; to the person's natural parents or parent of next of kin.

Tenn. Code Ann. § 20-5-106.

> The action may be instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin.

Tenn. Code Ann. § 20-5-107.

Under Rule 17(b) of the Federal Rules of Civil Procedure, the law of the state in which the district court sits governs a party's capacity. Under Tennessee law, "the exclusive right to assert claims on behalf of the estate belongs to the Administrator." *Ware v. McKeithan (In re Estate of Hendrickson)*, No. 03P-1460, 2009 WL 499495, at *1 (Tenn. Ct. App. Feb. 25, 2009); *see also Western Sur. Co. v. Wilson*, 484 S.W.2d 45, 48 (Tenn. Ct. App. 1972) (concluding that the estate's personal representative succeeds "to the position of the deceased in respect to suing and being sued"); *Estate of Ralson ex. re. Ralson v. Hobbs*, No. M2009-02442-COA-R3-CV, 2010 WL 4272692, at *3 (Oct. 28, 2010) (holding that the personal representative retains the right to bring suits on behalf of the decedent).

In this case, Plaintiff is attempting to proceed *pro se* as next of kin. Plaintiff has not averred that she is proceeding as an administrator or the personal representative nor does she aver that she is the sole beneficiary of Mr. Britt's estate. Thus, Plaintiff does not have standing to bring this case *pro se*. Accordingly, it is recommended that the Complaint be DISMISSED

3

WITHOUT PREJUDICE as the Court lacks subject matter jurisdiction.

Signed this 2nd day of April, 2024.

                                          s/ Charmiane G. Claxton
                                          CHARMIANE G. CLAXTON
                                          UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**