IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ISRAEI BRITT-TAYLOR,<br>(Next of Kin of CHAUNCY Q. BRITT,<br>JR., deceased),<br>　　Plaintiff,<br>v.<br>WEST TENNESSEE NURSING HOME,<br>et al.,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　No. 2:23-cv-02504-SHL-cgc<br>)<br>)<br>)<br>)<br>) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation ("R&R") (ECF No. 14), entered April 2, 2024, recommending that the Court sua sponte dismiss Plaintiff Israei Britt-Taylor's pro se complaint (ECF No. 1). Plaintiff filed an objection to the R&R on April 25.[1] (ECF No. 15.) On May 8, Defendant Katie Huggins filed a Response to Objection to April 2, 2024 Report and Recommendation. (ECF No. 16.) For the following reasons, the Court **ADOPTS** the R&R and **DISMISSES WITHOUT PREJUDICE** Plaintiff's pro se complaint. Accordingly, Defendant Katie Huggins's motion to dismiss (ECF No. 11), is **DENIED AS MOOT**.

## BACKGROUND

Plaintiff argues that her brother, Decedent Chauncey Q. Britt, Jr., was in the "custody, care, or control" of the State of Tennessee when he died from injuries sustained in an alleged

---

[1] The Court will consider Plaintiff's Response to the Honorable United States Magistrate Judge Charmiane G. Claxton Report and Recommendation in Pursuant to Doc. #14 ("objection to the R&R") even though it was filed after the fourteen-day deadline.

beating.  (ECF No. 1 at PageID 2.)  She asserts that Decedent's death was "a direct and proximate result of negligence of the Health Care Facilities [sic] employees."  (Id. at PageID 3.)  Plaintiff further states that Decedent has survivors who can bring an action to recover losses from his death.  (Id. at PageID 4.)  However, Plaintiff is proceeding pro se on behalf of these purported survivors.  (Id.)

The Magistrate Judge's R&R, entered April 2, 2024, details how Plaintiff does not have constitutional standing to bring this action as a pro se party when she is not the sole beneficiary of the estate, is not the personal representative or executor of the estate, and, as Decedent's sister, is not next-in-line to bring an action on behalf of Decedent; a surviving spouse, child, personal representative, and parent would all have priority to bring this action before the Decedent's sister.  (ECF No. 14 at PageID 51–52.)  Plaintiff objects to the R&R's threshold determination that she does not have standing to bring this action; however, she cites no relevant authorities to support that assertion in her objection.  (ECF No. 15.)

## STANDARD OF REVIEW

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations that propose an involuntary dismissal of an action.  28 U.S.C. § 636(b)(1)(A)–(B).  A party may file timely objections to the magistrate judge's proposed recommendations "[within] 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1)(C).  A district court reviews a party's objections to the proposed findings of fact or conclusions of law de novo, while findings of fact and conclusions of law without objections are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

2

## ANALYSIS

Even when construing Plaintiff's <u>pro se</u> objections liberally, they are still quite difficult to decipher. The objections reference a variety of sources and issues that are either unrelated to standing or seem to concede that the Magistrate Judge's reasoning is correct.[2] Plaintiff asserts the following objections to the R&R: arguments about (1) supplemental jurisdiction, (2) the Tennessee statute that provides the sequence of beneficiaries who may bring a wrongful death action, (3) the prohibition on <u>pro se</u> plaintiffs bringing claims on behalf of other survivors in a wrongful death action, and (4) the Supreme Court's holding in <u>Marbury v. Madison</u>, 5 U.S. 137 (1803). (ECF No. 15.) The Court first addresses the threshold question of standing before turning to Plaintiff's objections.

Plaintiff bears the burden of showing that her claim is a "case" or "controversy" that falls within the jurisdiction of the federal courts. U.S. Const. Art. III, § 2, cl. 1; <u>see also</u> <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560–61 (1992). Constitutional standing is one of the core components of justiciability required to establish a federal court's authority over a case or controversy. <u>Id.</u> A plaintiff has standing when she (1) "[has] 'suffered an injury in fact;'" (2) the injury is causally connected to the conduct complained of and is fairly traceable to the challenged action of the defendant; and (3) it is likely that the injury is redressable by a favorable decision. <u>Midwest Media Prop., LLC v. Symmes Twp.</u>, 503 F.3d 456, 470 (6th Cir. 2007) (quoting <u>Lujan</u>, 504 U.S. at 560–61).

The Court need not address whether Plaintiff has successfully invoked federal question jurisdiction because Plaintiff does not have standing to bring this case. She has not suffered an

---

[2] Plaintiff's objections are difficult to decipher because she copied and pasted several legal resources without clarifying her reasons for doing so.

injury herself, nor is she the proper beneficiary under the law to assert Decedent's injury as a pro se party.  Because she is not proceeding in her own name, Federal Rule of Civil Procedure 17(b) governs her capacity to sue.  Here, according to Rule 17(b), Tennessee state law determines Plaintiff's ability to initiate this action on behalf of Decedent.  Fed. R. Civ. P. 17(b).

In a wrongful death action, Tennessee law provides that the right to pursue an action "shall [first] pass to the person's surviving spouse." Tenn. Code Ann. § 20-5-106.  If a spouse does not survive the decedent, then the right of action passes "to the person's children or next of kin; to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; to the person's natural parents or parent or next of kin." Id.  "The action may be instituted by the personal representative of the deceased or by the surviving spouse" in the spouse's own name.  Tenn. Code Ann. § 20-5-107.  If no spouse survives, then the children of the deceased or the next of kin may institute the action.  Id.

Plaintiff has not identified herself as an administrator or personal representative, nor as the proper next-of-kin survivor to initiate the action.  Presumably, Plaintiff is a next-of-kin survivor attempting to bring a pro se claim on behalf of "other survivors of the decedent" who precede her in the statutory sequence.  (ECF No. 1 at PageID 4.)  However, a pro se plaintiff is prohibited from bringing a claim on behalf of beneficiaries in a wrongful death action.  Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002).  As such, Plaintiff does not have standing because she is not "the proper party to litigate [this action]."  (ECF No. 14 at PageID 51.)

Turning back to Plaintiff's objections in a de novo review, the issue of supplemental jurisdiction is moot without an initial finding of proper standing and federal question jurisdiction.  (Id. at PageID 56–58.)  Furthermore, Plaintiff cites Tenn. Code Ann. § 20-5-106, which provides the sequence of survivors who may bring a wrongful death action; as next-of-kin, Plaintiff does

4

not fall within the proper statutory sequence to bring a wrongful death claim in Tennessee when other beneficiaries precede her in the right of action.  (Id. at PageID 59, 67–72.)  Plaintiff also cited several irrelevant cases to argue her right to bring a next-of-kin wrongful death claim.  (Id.)  However, those authorities do not spell out specific arguments, nor do they advance any conceivable objection that Plaintiff could make as a pro se next-of-kin beneficiary when other survivors precede her in the statutory sequence.  While pleadings filed by pro se plaintiffs should be "liberally construed and held to less stringent standards than a pleading filed by counsel," Kondaur Cap. Corp. v. Smith, 802 F. App'x 938, 945 (6th Cir. 2020), the Court "cannot create a claim which a plaintiff has not spelled out in [her] pleading," Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)).

Plaintiff also cites Tennessee law and Sixth Circuit precedent that prohibit pro se plaintiffs from bringing wrongful death actions on behalf of other beneficiaries; in doing so, Plaintiff seemingly concedes her point, which ultimately renders her objection moot.  (Id.)  Finally, Plaintiff cites Marbury v. Madison, which is irrelevant in this context.  (ECF No. 15 at PageID 60–67.)

As the response to the objections points out, "no argument advanced in the objection saves Plaintiff from the reality that the Court lacks subject matter jurisdiction."  (ECF No. 16 at PageID 85.)  While the Court reviews Plaintiff's objections liberally, her arguments do not negate the finding that Plaintiff has no standing to bring this action as a pro se party.  Therefore, the Court denies Plaintiff's objections, adopts the R&R, and dismisses the complaint without prejudice due to lack of standing.

## CONCLUSION

For these reasons, the Court **ADOPTS** the Magistrate Judge's R&R and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint. Thus, Defendant Katie Huggins's motion to dismiss (ECF No. 11), is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 7th day of June, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
